ORTEGA, P.J.
*805 Defendant appeals a judgment that directed her, as trustee of the Sara L. Dahlke Living Trust (the living trust), to execute a deed transferring real property known as the Barge Inn to the Dahlke Marital Trust (the marital trust), and imposed a constructive trust for income derived from the Barge Inn after May 2010. On appeal, defendant assigns error to the trial court's grant of summary judgment to plaintiffs, arguing that the trial court improperly did so on a basis that was not advanced by plaintiffs, and alternatively, that genuine issues of material fact existed that precluded summary judgment. Because we agree that the trial court granted summary judgment on a basis that was not raised by the parties, we reverse and remand for further proceedings.
The following background facts are undisputed. Kent and Sara Dahlke were married and living in Wyoming when Kent died testate in 2003. At that time, Sara and Kent had a joint checking account (the joint account) containing over $1,400,000. Sara, as the personal representative of Kent's estate, administered the estate in a Wyoming court with the help of Wyoming counsel. As part of the court proceedings, she listed the joint account as an asset of Kent's estate. In addition, she withdrew approximately $590,000 from the joint account to satisfy cash bequests listed in Kent's will, including $100,000 each to defendant (Sara's daughter), and plaintiffs, Jay and Kurt Dahlke (Kent's sons). Without the money from the joint account, Kent's estate would have had insufficient funds to satisfy the cash bequests made in his will. Kent's will also provided that, if Sara survived him, any residue of his estate would be paid into the marital trust for Sara's benefit. Kent designated Sara as the trustee of the marital trust. In August 2006, the Wyoming court entered a final decree of distribution for Kent's Wyoming estate.
In 2008, Sara retained counsel to administer an ancillary probate in Lincoln County Circuit Court to deal with Kent's assets in Oregon, including the Barge Inn. During that process, Sara's Oregon attorney advised her that the joint account may have been mistakenly included as *806 an asset of Kent's Wyoming estate because, generally, a joint account becomes the property of the surviving party upon the death of the decedent joint owner-in other words, by its terms, the *140 joint account became Sara's property when Kent died. The attorney suggested to Sara that the $590,000 from the joint account that she used to satisfy the cash bequests in Kent's will could be considered a personal loan to Kent's estate. He further advised that she could be repaid for that loan by conveying the Barge Inn from the marital trust into a revocable living trust. To accomplish that plan, another attorney created a revocable living trust for Sara.
Meanwhile, in the ancillary probate, the circuit court ordered Sara, as the personal representative of Kent's estate, to distribute the Barge Inn to the marital trust. She did so by deed. Then, shortly before her death in May 2010, Sara, as trustee of the marital trust, conveyed the Barge Inn into her living trust.
In June 2011, defendant, who was the trustee of Sara's living trust, petitioned the court to become the successor personal representative of Kent's estate. She then sought to set aside the decree of distribution in Wyoming. At the same time, plaintiffs filed this action in Oregon against defendant in her individual capacity and as trustee of Sara's living trust, seeking to undo the transfer of the Barge Inn. Plaintiffs sought declaratory and equitable relief, asserting that they, as heirs to the marital trust, were entitled to ownership and possession of the Barge Inn. They also alleged a breach of trust claim, asserting that Sara had violated her fiduciary duty and duty of loyalty when she transferred the Barge Inn out of the marital trust without the authority to do so. Defendant's answer asserted that Sara had properly transferred the Barge Inn to her living trust to repay her for the personal funds that she had loaned to Kent's estate. She also asserted that plaintiffs would be unjustly enriched if they received the Barge Inn as well as the $100,000 cash bequests they had received from Kent's estate.
Plaintiffs' action was abated pending conclusion of the Wyoming proceedings. Ultimately, the Wyoming court rejected defendant's attempt to set aside the decree of distribution, but, in doing so, expressly declined to decide *807 ownership of the Barge Inn, concluding that issue should be left to the Oregon courts.[1]
When the litigation in Oregon resumed, plaintiffs moved for summary judgment, arguing that there was no genuine issue of material fact that Sara, as trustee of the marital trust, lacked authority under the terms of the marital trust to transfer the Barge Inn to her living trust. Plaintiffs based their motion on two provisions in the trust. The first provided that the trustee could not invade the principal of the trust unless it was necessary for Sara's health, education, or maintenance and support. The second provided that, if the trustee was distributing principal from the trust to Sara, the trustee had to consider the best interests of the estate or its beneficiaries before doing so. Plaintiffs argued that it was undisputed that (1) the Lincoln County Circuit Court had ordered Sara to distribute the Barge Inn to the marital trust, (2) plaintiffs are heirs to the marital trust, and (3) Sara transferred the Barge Inn from the marital trust to her living trust even though there was no evidence that it was necessary for her maintenance and support and without considering the best interests of the estate or its beneficiaries. For the same reason, plaintiffs claimed that they were entitled to summary judgment on their breach of trust claim, and that, as a result of that breach, they were entitled to the equitable remedy of a constructive trust. In short, plaintiffs' summary judgment motion was premised on the concept that the trustee was authorized to invade the principal of the trust only in limited circumstances, none of which was present when Sara conveyed the Barge Inn out of the trust.
Defendant responded by asserting that genuine issues of material fact existed that controlled whether plaintiffs were "equitably entitled to the Barge Inn." Supported by declarations, defendant claimed that provisions in Kent's will allowed Sara, as the administrator of Kent's estate, to loan funds to the estate and later disperse assets from the estate to herself in repayment of that loan. Defendant *808 asserted that there was *141 evidence in the record that is what Sara had done, and that she had done so in accordance with the advice of her CPA and attorneys. In short, defendant argued that, viewing the disputed facts in the light most favorable to her, a court sitting in equity could determine that the living trust was equitably entitled to the Barge Inn. As for plaintiffs' breach of trust claim, defendant argued that there were issues of fact as to whether she, as opposed to Sara, owed any fiduciary duty to plaintiffs given that Sara had transferred the Barge Inn prior to her death.
The trial court granted summary judgment to plaintiffs, explaining in a letter opinion that, even accepting that Sara had loaned money to Kent's estate to fulfill the cash bequests, any indebtedness owed by the estate to Sara had been extinguished when the Wyoming court had entered the decree of distribution. More specifically, the court noted that the record contained evidence that Sara did not intentionally or knowingly transfer the assets in the joint account to Kent's estate, and that Sara had loaned the estate the funds to pay the cash bequests listed in Kent's will, which resulted in the estate owing her "some indebtedness or legal obligation." However, the court concluded that any claim that Sara had against Kent's estate would be valid only if the debt "survived her filing a final account *** and the entry of the Decree of Distribution." The court, citing to Wyoming law, explained that, if a decree or judgment of distribution is entered when the estate still owes unpaid debts, the "remedies are appeal, or reopening of the estate." Noting that Sara had not appealed the Wyoming decree of distribution, and that defendant's attempts to reopen the Wyoming probate had failed, the court concluded that any debt owed by Kent's estate to Sara had been extinguished upon entry of the decree of distribution. In the court's view, that meant that Sara had no legal right to transfer the Barge Inn out of the marital trust to satisfy any obligation because there was no valid debt. Accordingly, the court concluded that plaintiffs were entitled to summary judgment on their request for declaratory relief, declaring that defendant was ejected from the Barge Inn and must execute a deed transferring the property to Jay Dahlke as trustee of the marital trust. The court also declared that a constructive trust applied to *809 the Barge Inn and that plaintiffs were entitled to income derived from the Barge Inn after Sara's death.
On appeal, defendant argues that the court granted summary judgment on a basis that was not advanced by plaintiffs. Generally, "[p]arties seeking summary judgment must raise by motion the issues on which they contend they are entitled to prevail as a matter of law." Two Two v. Fujitec America, Inc. , 355 Or. 319, 326, 325 P.3d 707 (2014). "Parties opposing summary judgment have the burden of producing evidence that creates a material issue of fact as to those issues, but only as to those issues ." Id. (emphasis added). That means that issues not "raised in the motion" are not properly before the trial court on summary judgment. Eklof v. Steward , 360 Or. 717, 731, 385 P.3d 1074 (2016).
Here, defendant argues that the trial court granted summary judgment to plaintiffs based on issues not raised in their summary judgment motion. Defendant explains that plaintiffs' motion was simply based on the claim that the terms of the marital trust did not allow Sara to transfer the Barge Inn out of the marital trust and into her living trust unless there was some evidence that she was doing so for her support and maintenance. Defendant asserts that issue-whether the marital trust allowed Sara to do what she did-is fundamentally different than the issue on which the trial court decided the motion. That is, the trial court determined that summary judgment was appropriate because, under Wyoming law, any debt that Sara was owed by Kent's estate was extinguished as a result of the Wyoming court proceedings. Defendant argues that she did not have an opportunity to respond to that issue-an issue that requires an analysis of Wyoming law-nor did she have an opportunity to submit "authorities and evidence to address whether Sara's loan to Kent's estate to enable the estate to pay testamentary bequests of cash, survived the Decree of *142 Distribution, and, if so, whether the marital trust was a proper source of repayment."
Plaintiffs argue that the trial court simply determined that there was no evidence produced by defendant that Sara had loaned the estate money, and that, even if there was evidence of a loan, the Wyoming decree of distribution *810 barred it as a matter of law. In other words, plaintiffs do not appear to dispute that the trial court granted summary judgment on a basis other than the one that they put forward in their motion.
We agree with defendant that the basis for the trial court's summary judgment ruling differs significantly from the basis on which plaintiffs sought summary judgment. And, in this circumstance, it was improper for the trial court to grant summary judgment based on an issue that was not raised in plaintiffs' motion because that issue was not properly before the court. On summary judgment, defendant was charged with producing evidence that created a material issue of fact as to the issue raised by plaintiffs' motion. When the trial court went beyond that issue, defendant was given neither the opportunity to argue whether the court's understanding of Wyoming law was correct in the circumstances of this case nor the opportunity to call to the trial court's attention any material issues of fact that may have existed with respect to the legal theory that the trial court ultimately ruled on. In that circumstance, we conclude that the trial court erred by granting summary judgment, and reverse and remand for further proceedings.
Reversed and remanded.

Defendant appealed the decision of the Wyoming probate court, and the Wyoming Supreme Court affirmed. Estate of Dahlke ex. rel. Jubie v. Dahlke , 2014 WY 29, 319 P.3d 116 (2014).